IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PENNY L. CHRISP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-0654-CV-W-RED-SSA |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Penny L. Chrisp ("Chrisp") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income Benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2007); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five). If at any step in the evaluation process the claimant is determined to be not disabled, the inquiry ends. 20 C.F.R. § 404.1520(a)(4) (2007); *see Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

### III. Analysis

Chrisp raises essentially four arguments in challenging the ALJ's finding of no disability. First, Chrisp argues the ALJ failed to properly evaluate her credibility. Chrisp also argues the ALJ "picked and chose" among the medical evidence and failed to consider all relevant medical evidence. In addition, Chrisp contends the ALJ erred in finding her drug addiction to be material to her disability. Finally, Chrisp asserts the testimony of the vocational expert was defective because the ALJ failed to set forth a hypothetical that included all of Chrisp's impairments. The Court will consider each argument in turn.

#### A. Credibility Findings

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987).

-3-

Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). The ALJ is not required to discuss each *Polaski* factor in her decision as long as the *Polaski* framework is acknowledged and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

Here, Chrisp argues the ALJ failed to explicitly evaluate her subjective complaints in light of the *Polaski* factors and failed to expressly set forth any inconsistencies in the record. The Court does not agree. While the ALJ did not cite the *Polaski* decision and discuss each factor explicitly, the ALJ did discuss Chrisp's work record, her daily activities, and her medical record, and also considered and discussed the testimony of Chrisp's foster-father. (Tr. 18-21). These are all relevant factors to be considered when making a credibility determination. And contrary to Chrisp's argument, the ALJ also noted inconsistencies in the record regarding her drug use. Upon review of the record, the Court finds the ALJ did not err in her evaluation of Chrisp's credibility.

-4-

B. Consideration of Medical Evidence

Chrisp next argues that the ALJ failed to consider all relevant medical evidence. In particular, Chrisp contends the ALJ discounted the opinions of treating physicians and erroneously afforded greater weight to the opinion of the state agency experts.

Typically, the opinions of treating physicians are entitled to special or controlling weight and it is the function of the ALJ to resolve conflicts among the opinions of various physicians. *Bentley v. Shalala*, 52 F.3d 784, 785-86 (8th Cir. 1995). Here, in concluding that these treating physician opinions did not deserve significant weight, the ALJ noted that these opinions "all either follow a period of non-compliance with prescribed medication, drug use, or drug seeking behavior." (Tr. at 21). The ALJ also noted that "[t]he fact that the claimant was not always forthcoming concerning her substance abuse history also contributes to these opinions not being given significant weight." (*Id.*) In affording great weight to the opinion of the state agency experts, the ALJ acknowledged that these experts "had access to a range of medical records not available to individual sources." (*Id.*).

Based upon a review of the record, the Court finds the ALJ's rationale in discounting the opinions of the treating physicians and affording great weight to the state agency experts is supported by ample evidence in the record. For example, the opinion of Joe Cuda, M.S. was in part prefaced on the assumption that Chrisp had not engaged in substance abuse in over one-and-a-half years when in fact Chrisp had tested positive for methamphetamine five months earlier. (Tr. at 20, 141, 196, 198). Because there is substantial evidence on the record to support the ALJ's conclusion, the Court finds the ALJ did not err in discounting the opinions of various treating physicians and affording great weight to state agency opinion.

-5-

Case 4:07-cv-00654-RED   Document 12   Filed 08/06/08   Page 5 of 7

## C. Drug Addiction as Material to Disability

Chrisp further argues the ALJ erred in finding drug addiction material to her disability. She contends that her drug use and her mental impairments are intertwined. Because of this, Chrisp argues it is not possible to separate the mental limitations imposed by the drug use and the limitations of the various mental impairments, requiring a finding of "not material" with respect to the drug addiction. (Doc. 10 at 18).

Courts have held that it is the claimant who bears the burden of proving that drug addiction is not a contributing factor material to the disability. *Mittlestedt v. Apfel*, 204 F3d 847, 852 (8th Cir. 2000). Here, Chrisp has presented no evidence to prove her drug addiction is not a contributing factor, and there is substantial evidence in the record that she has repeatedly engaged in substance abuse. The ALJ never concluded that Chrisp's mental limitations would go away, as Chrisp argues, but instead concluded that absent substance abuse, her remaining impairments were not disabling. (Tr. 16-18). Upon review, the Court finds the ALJ properly undertook the necessary analysis in determining that drug addiction was a material factor to the disability determination.

## D. Testimony of Vocational Expert

Finally, Chrisp argues that testimony of the vocational expert is defective in that it is based on a hypothetical that did not accurately detail all of her impairments. Chrisp argues that if the ALJ had not improperly concluded that drug addiction was material to her disability, had not discredited her allegations of disabling impairments, and had not discounted the medical evidence from several treating and examining physicians, the hypothetical posed to the vocational expert would have more accurately represented the full spectrum of her impairments, and the vocational expert would have concluded that there would be no substantial gainful activity Chrisp could perform. (Doc. 10 at 20).

However, as discussed above, the Court has found that the ALJ did not err in concluding that drug addiction was material to Chrisp's disability, in discrediting Chrisp's allegations of disabling impairments, and in discounting the medical evidence from several treating and examining physicians. Thus, any testimony presented by the vocational expert based on the hypothetical posed by the ALJ is not defective and is supported by substantial evidence on the record.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ in denying supplemental security income benefits is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE:	August 6, 2008	  */s/ Richard E. Dorr*	
	RICHARD E. DORR, JUDGE
	UNITED STATES DISTRICT COURT